UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61421-BLOOM/Valle

RANDY ROSENBERG, D.C., P.A., a/a/o
Dorothy Johnson and Tina Scott, on behalf
of itself and all others similarly situated,

    Plaintiff,

v.

GEICO INDEMNITY COMPANY,
and GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court upon Plaintiff Randy Rosenberg, D.C., P.A.'s ("Plaintiff") Motion for Remand, ECF No. [8], seeking to remand the proceedings back to state court in Broward County, Florida. The Court has carefully reviewed the Motion for Remand, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion for Remand is granted.

## I. BACKGROUND

Plaintiff brings class claims for declaratory relief against Geico Indemnity Company ("GIC") and Government Employees Insurance Company ("Government", collectively "Defendants"), alleging that Defendants have a wide-spread practice of improperly paying personal injury protection ("PIP") claims at a reduced amount. *See* ECF No. [5-2] (the "Complaint"). Plaintiff challenges Defendants' interpretation of a specific endorsement to one of their automobile policies, FLPIP (01-13). The endorsement included the following language: "A

charge submitted by a provider, for an amount less than the amount allowed above, shall be paid in the amount of the charge submitted." *Id.* ¶ 14.

According to the Complaint, Tina Scott ("Scott") was insured under an automobile insurance policy with GIC and Dorothy Johnson ("Johnson") was insured under an automobile insurance policy with Government. *Id.* ¶¶ 17, 22. They were each involved in motor vehicle accidents while insured. *Id.* ¶¶ 16, 21. Plaintiff is a health care provider who provided medical care through an assignment of benefits to Johnson and Scott for injuries sustained in the motor vehicle accidents. *Id.* ¶¶ 17, 22. The Complaint lists two charges for medical services to Scott and three charges for medical services to Johnson for which Plaintiff submitted claims to the respective Defendant. *Id.* ¶¶ 18-19, 23-25.

The five charges listed in the Complaint were in amounts less than the amount permitted by a permissive fee schedule in the Florida PIP Statute, Section 627.736, Florida Statutes. *Id.* ¶¶ 17-19, 22-24. For each charge that was below the fee schedule amount Defendants reimbursed Plaintiff for 80% of the billed amount and provided an Explanation of Review ("EOR") that contained the code "BA." *Id.* ¶ 20. The BA code indicated that Defendants reduced reimbursement of the charge to 80% of the billed amount. *Id.* Plaintiff believes that the language in the endorsement required full payment of bills for an amount that was less than the fee schedule, as opposed to only 80% of the amount billed. *Id.* ¶¶ 15, 60. Defendants have taken a contrary position. *Id.* ¶¶ 15, 61.

This case was originally filed in federal court on March 16, 2018. *See Rosenberg v. GEICO*, Case No. 18-cv-60576 (S.D. Fla. 2018) ("Initial Action"). The case was transferred to this Court because it was found to be substantially related to *A&M Gerber Chiropractic LLC a/a/o Conor Carruthers, on behalf of itself and all others similarly situated, v. GEICO General Insurance*

*Company*, Case No. 16-cv-62610-BLOOM/Valle ("*Gerber*"). This Court, *sua sponte*, issued an order staying the Initial Action pending appellate review of an order in *Gerber* granting summary judgment in favor of plaintiff. Initial Action, ECF No. [9]. The Eleventh Circuit Court of Appeals issued an opinion in *Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1215 (11th Cir. 2019) (the "*Gerber* Opinion"), holding that the insured in that case lacked a potential future injury sufficient to confer Plaintiff with Article III standing. The Eleventh Circuit reversed this Court's final judgment with instruction to this Court to remand the case to state court. *Gerber*, 925 F.3d at 1216. The parties to the Initial Action then entered into a stipulation that the Initial Action should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Initial Action, ECF No. [12]. This Court approved and adopted the stipulation. Initial Action, ECF No. [13].

After dismissal of the Initial Action, on April 26, 2019, Plaintiff filed the almost identical claim in the Seventeenth Judicial Circuit in and for Broward County, Florida under the Florida Declaratory Judgment Act. Defendants filed a Notice of Removal on June 6, 2019, relying on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, asserting that "this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity." ECF No. [1] ¶ 7; ECF No. [5-1] (Corrected Notice of Removal) ¶ 7. The instant Motion for Remand, ECF No. [8], then followed.

In the Motion for Remand, Plaintiff argues that the Complaint does not assert an injury-in-fact sufficient to confer federal court jurisdiction. Plaintiff relies on the *Gerber* Opinion, holding on similar facts and allegations that the plaintiff failed to allege a potential future injury sufficient to confer Article III standing. 925 F.3d at 1216. Defendants counter that the *Gerber* Opinion is non-final and subject to withdrawal or amendment because the defendant-appellant in that case

filed a motion for rehearing on June 19, 2019. Defendants also argue that this Court has subject matter jurisdiction because the CAFA requirements are met. Finally, Defendants contend that remanding this action would violate the rule against splitting causes of actions.

## II. LEGAL STANDARD

"It is axiomatic that federal courts are courts of limited jurisdiction." *Ramirez v. Humana*, *Inc.*, 119 F. Supp. 2d 1307, 1308 (M.D. Fla. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Removal to federal court is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See Id.* § 1332(a). The removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a), 1446. "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d

1325, 1329 (11th Cir. 1998) (*citing* 28 U.S.C. §§ 1331, 1332). "Removal is a matter of federal right," but on a motion to remand, "'ambiguities are generally construed against removal.'" *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979)[1]; *see Whitt*, 147 F.3d at 1329; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

## III. DISCUSSION

In the *Gerber* Opinion, the Eleventh Circuit reiterated the governing precedent for Article III standing for declaratory relief claims. To satisfy Article III's standing requirement, a plaintiff seeking declaratory relief only "must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" *Gerber*, 925 F.3d at 1211 (quoting *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)). "Accordingly, if a plaintiff does not assert a reasonable expectation of future injury, he 'lack[s] standing to bring an action for declaratory relief[.]'" *Id.* (quoting *Malowney*, 193 F.3d at 1348).

In *Gerber,* the plaintiff sought only declaratory relief relating to the same fee schedule endorsement at issue in the present case. Applying the above standard, the Eleventh Circuit stated that "the proper inquiry in this case must focus on the potential future injury to [the insured]." *Id.* at 1215. The Eleventh Circuit reasoned that because the defendant paid plaintiff's assignor more than he was entitled to under the insurance policy the plaintiff would not be able to recover anything from defendant no matter how the court interprets the disputed policy language. *Id.* at 1212. Accordingly, the Eleventh Circuit held that Article III's standing requirement was not met. *Id.* at 1216.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as precedent all decisions issued by the former Fifth Circuit Court of Appeals prior to October 1, 1981.

At this stage, there are insufficient facts are not before the Court from which it could determine that Scott and Johnson were paid more than they were entitled to under their insurance policies. However, the black letter law in the *Gerber* Opinion and the reasoning in the concurring opinion apply equally to the instant case. In concurrence, Judge Branch stated that (as in the instant case) the plaintiff seeks "only a declaration that the PIP requires [defendant] to pay 100% of certain charges rather than 80%." *Gerber*, 925 F.3d at 1217 (Branch, J., concurring). Judge Branch reasoned that "The only thing that matters, then, is whether [plaintiff and the insured] have an interest in any future relief conferred by the declaration they seek." *Id.* Because the plaintiff had "disclaimed the notion that [defendant] will underpay it in the future," Judge Branch concluded that the plaintiff lacked standing.[2] *Id.*

Here, the Plaintiff has no interest in any future relief that the Court could provide. As in *Gerber,* Plaintiff alleges no potential future injury. In the *Gerber* Opinion the Eleventh Circuit considered "the possibility that [the assignor] may someday be in another car accident; sustain an injury entitling him to PIP benefits; and still be insured by [defendant] under the same or a similar policy being interpreted the same way, thereby having this issue present itself again." *Gerber*, 925 F.3d at 1215. The Eleventh Circuit found that possibility to be "too contingent to constitute a 'substantial likelihood' of future injury." *Id.* It is here as well.

---

[2] The majority in the *Gerber* Opinion addressed the concurrence in a footnote. The majority noted that although plaintiff was not seeking money damages in that case, counsel for plaintiff said at oral argument that if its interpretation of the policy is correct and plaintiff prevails, the monetary claims will come later. *Gerber*, 925 F.3d at 1214 n.3. The majority stated: "We understand this argument (that there are viable claims for damages that will be raised in the future) to potentially implicate the standing issue." *Id.* In contrast, Plaintiff's counsel has made no similar statement in the instant case, nor have Defendants argued that monetary claims will follow if Plaintiff prevails in this action.

Defendants' emphasis on satisfaction of the CAFA requirements is misplaced. Defendants correctly note that CAFA "expanded considerably the subject matter jurisdiction of the federal courts over class actions that meet certain minimal requirements." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1327 (11th Cir. 2006)). Subject matter jurisdiction is triggered where CAFA jurisdictional requirements are met, but CAFA in no way negates the Article III standing requirement under the United States Constitution. "'[S]tanding is perhaps the most important jurisdictional doctrine, and, as with any jurisdictional requisite, we are powerless to hear a case when it is lacking.'" *Gerber*, 925 F.3d at 1216 (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)).

Nor is the Court persuaded by Defendants' argument that remand is unwarranted because Plaintiff has violated the rule against splitting causes of actions. Defendants rely on one case, *Bowman v. Coddington*, in which plaintiff first filed suit in Florida state court on various state law grounds and then filed suit for declaratory relief in federal court against the same defendants based on the same underlying facts and issues. 517 F. App'x 683, 684 (11th Cir. 2013). The district court dismissed the second suit finding that plaintiff improperly split his causes of action by maintaining both suits at the same time. *Id.* On appeal, the Eleventh Circuit stated the rule against splitting causes of actions: "The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause, and if the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary." *Id.* at 685 (internal quotations omitted). The Eleventh Circuit affirmed the district court's dismissal, finding that the federal court and state court suits arise out of the same wrongful acts and reasoning that the plaintiff has not explained why he cannot obtain the declaratory relief he seeks in state court. *Bowman* is inapposite because Defendants have

not identified an action brought by the same Plaintiff against the same Defendants arising out of the same wrongful acts as the instant action.

Having concluded that Plaintiff lacks standing to pursue this case, remand is the appropriate remedy. *See Gerber*, 925 F.3d at 1216 (instructing this Court to remand the action to state court).[3] Additionally, because the Court finds that a hearing is unnecessary, Defendants' request for a hearing on the Motion for Remand is denied. *See* S.D. Fla. L.R. 7.1(b)(2) ("The Court in its discretion may grant or deny a hearing as requested, upon consideration of both the request and any response thereto by an opposing party.").

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Remand, **ECF No. [8]**, is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

---

[3] The Eleventh Circuit in *Gerber* denied defendant-appellant's motion for rehearing on July 17, 2019. Thus, the *Gerber* Opinion is a final order. As such this Court rejects Defendants' argument that the *Gerber* Opinion is not binding because it is subject to withdrawal or amendment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 13, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record